1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   LADARIUS DAVON MURPHY,                 Case No. 2:21-cv-0317- JDP (P)

12            Plaintiff,                     ORDER GRANTING PLAINTIFF'S
                                            APPLICATION TO PROCEED IN FORMA
13       v.                                 PAUPERIS

14   RUSSELL W. MILLER, JR.,                ECF No. 7

15            Defendant.                     FINDINGS AND RECOMMENDATIONS
                                            DISMISSING PLAINTIFF'S COMPLAINT
16                                          WIHTOUT PREJUDICE

17                                          ECF No. 1

18

19

20       Plaintiff, a county prisoner at Sacramento County Main Jail, proceeds without counsel in

21   this civil rights action brought under 42 U.S.C. § 1983.  In addition to his complaint, which I

22   must screen, he has filed an application to proceed *in forma* pauperis, ECF No., which makes the

23   proper showing and which I will grant.[1]  For the reasons set forth below, I recommend that

24   plaintiff's complaint be dismissed without leave to amend.

25

26

27   ───────────────────

28       [1] Plaintiff must pay the requisite filing fee in accordance with the concurrently filed
     collection order.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

On February 19, 2021, plaintiff filed the instant action against defendant alleging that defendant, while serving as plaintiff's private attorney, failed to give him payment receipts and to inform plaintiff of a preliminary hearing. ECF No. 1 at 3. Plaintiff paid defendant in "small sums

1  every month for about two years." *Id.*

2        Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or

3  other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d

4  1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006);

5  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). An individual acts under color of state law

6  under section 1983 where he has "exercised power 'possessed by virtue of state law and made

7  possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*,

8  487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). This does

9  not require that the defendant be an employee of the state, but he must be "a willful participant in

10  joint action with the State or its agents. Private persons, jointly engaged with state officials in the

11  challenged action, are acting see 'under color' of law for purposes of § 1983 actions." *Dennis v.*

12  *Sparks*, 449 U.S. 24, 27-28 (1980).

13        Here, there are no facts alleged that would permit the court to infer that defendant was

14  acting under color of state law. Defendant was plaintiff's privately-retained attorney and is

15  alleged to have been paid privately for his services. Absent allegations that defendant acted under

16  color of state law, plaintiff cannot proceed with an action against him under section 1983.

17                           **No Leave to Amend**

18        If the court finds that a complaint or claim should be dismissed for failure to state a claim,

19  the court has discretion to dismiss with or without leave to amend. Leave to amend should be

20  granted if it appears possible that the defects in the complaint could be corrected, especially if a

21  plaintiff is pro se. *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); *Cato v.*

22  *United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to

23  amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that

24  the deficiencies of the complaint could not be cured by amendment." (citing *Noll v. Carlson*, 809

25  F.2d 1446, 1448 (9th Cir. 1987))). However, if after careful consideration it is apparent that a

26  claim cannot be cured by amendment, the court may dismiss without leave to amend. *Cato*, 70

27  F.3d at 1105-06.

28        Here, amendment would be futile since, according to plaintiff's own filings, defendant is a

privately-retained attorney who cannot be liable as a state actor under section 1983.  Accordingly,

I recommend this action be dismissed without leave to amend.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 7) is GRANTED.

2. The Clerk of Court is directed to randomly assign a judge to this action.

Additionally, IT IS HEREBY RECOMMENDED that this action be dismissed without

leave to amend.

These findings and recommendations are submitted to the United States District Judge

assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

days after being served with these findings and recommendations, plaintiff may file written

objections with the court.  Such document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d

1153 (9th Cir. 1991).


IT IS SO ORDERED.


Dated:   July 29, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4